T.C. Summary Opinion 2008-103

UNITED STATES TAX COURT

FREDERICK W. AND LUCKANA ROECKER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17744-06S.              Filed August 18, 2008.

Frederick W. and Luckana Roecker, pro sese.

<u>Kaelyn Romey</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code as amended, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

The parties have filed a stipulation of settlement of the issues. This case is before the Court on petitioners' motion for award of administrative costs and their supplement to motion for award of administrative costs filed pursuant to section 7430 and Rule 231. Because all the costs for which petitioners seek an award were for services performed after the filing of the petition with the Court, they are litigation costs. See sec. 301.7430-4(c)(3), Proced. & Admin Regs.

Respondent has not filed a response to petitioners' motion as required by Rule 232 or to their supplement to their motion. Respondent is therefore deemed to agree that: (a) Petitioners have substantially prevailed with respect to the amount in controversy; (b) they meet the net worth requirements as provided by law; (c) they have exhausted their administrative remedies; (d) they have not unreasonably protracted the administrative or Court proceedings; (e) they have claimed a reasonable amount of costs; and (f) respondent's positions in the administrative proceedings were not substantially justified.

The Court concludes that a hearing is not necessary to decide this motion. See Rule 232(a)(2). Accordingly, the Court rules on petitioners' motion for administrative and litigation costs on the basis of the parties' submissions and the case record.

Petitioners resided in California at the time they filed their petition.

## Background

The notice of deficiency was sent to petitioners on July 10, 2006. The parties agree that petitioners concede the "Interest" adjustment of $11. Respondent concedes the "Securities" adjustment of $11,797 and the "Schedule A Limitation" of $282. As the result of the agreement on the issues, the parties agree that there is no deficiency due from petitioners for 2004 and that there is an overpayment in income tax for 2004 of $751.

Petitioners submitted an affidavit from Donald G. Weaver of Weaver Tax Service for fees of $1,320, containing the request that "We also hope to recover the filing fee $60".

## Discussion

Petitioners have met all the legal requirements to recover any "reasonable litigation costs" incurred in connection with a court proceeding. See sec. 7430(b), (c)(4). Reasonable litigation costs include reasonable court costs and expenses, costs, and fees described in section 7430(c)(1)(B) that were here incurred in connection with a court proceeding. See sec. 7430(c)(1). As is pertinent here, the latter expenses include "reasonable fees paid or incurred for the services of attorneys". Sec. 7430(c)(1)(B)(iii).

For purposes of section 7430(c)(1), "reasonable fees paid or incurred for the services of attorneys" means "fees for the services of an individual (whether or not an attorney) who is authorized to practice before the Tax Court or before the Internal Revenue Service".  Sec. 7430(c)(3)(A).  Petitioners have not shown in either their motion or the supplement to their motion that fees were paid or incurred in connection with a court proceeding for the services of an individual who is authorized to practice before the Tax Court or the Internal Revenue Service.

Because petitioners have not shown that they paid or incurred attorney's fees for which the Court can make an award, so much of their motion as requests an award of $1,320 for fees will be denied.  The Court, however, will award petitioners reasonable litigation costs of $60.  See sec. 7430(c)(1)(A).

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.